```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

BANK OF THE WEST,

                        Plaintiff,

v.

                             Case No.  3:07-cv-516-J-33TEM

M/V GOING COASTAL, and her Engines,
Tackle, Furniture, and Apparel, in
rem, and JAMES COLSON DUBBERLY, in
personam,
                       Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff's Motion for Judicial Sale of Vessel (Doc. # 33), filed on October 23, 2007. By its motion, Bank of the West seeks an order directing the U.S. Marshal to conduct a judicial sale of the vessel Going Coastal, her Engines, Tackle, Furniture, and Apparel.

Bank of the West filed its verified complaint in admiralty against Defendants on June 12, 2007 (Doc. #1) seeking to foreclose a preferred ship mortgage covering the vessel M/V Going Coastal. A warrant for arrest in rem was issued for the vessel directing the U.S. Marshal to take custody of the vessel and to retain custody of the vessel pending further order of Court. The U.S. Marshal executed the warrant for arrest on June 28, 2007. (Doc. # 8). Pursuant to Local Admiralty Rule 7.03(f), anyone claiming an interest in the vessel was required to file a claim within ten days after process was executed and was required to file an answer within twenty days after filing a claim. Bank of the West,

pursuant to Local Admiralty Rule 7.03(h), provided notice of the action and arrest as follows:

    (A)  by service of process on the party having custody of the vessel, Tiger Point Marina, on June 28, 2007 (Doc. # 12);

    (B)  by certified main, return receipt requested on the owner of the vessel, James Dubberly, who received notice on June 30, 2007. (Doc. # 16); and

    (C)  by publication in the Florida Times-Union on July 11, 2007. (Doc. # 15).

No claims were filed within the time frame set by Local Admiralty Rule 7.03(f), and the Clerk of the Court entered a clerk's default against the Defendants on August 24, 2007. (Doc. # 20). This Court entered a default judgment in favor of Bank of the West in the amount of $80,746.34 on October 22, 2007 (Doc. # 32). Accordingly, it is appropriate to grant Bank of the West's motion for judicial sale of the vessel.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** as follows:

1. Bank of the West's Motion for Judicial Sale of the Vessel (Doc. # 33) is **GRANTED.**
2. The vessel M/V Going Coastal, and her engines, tackle, furniture, and apparel, shall be sold free and clear of all claims against the vessel pursuant to Local Admiralty Rule 7.05(r).

3. The sale of the vessel M/V Going Coastal and her engines, tackle, furniture, and apparel shall be by public auction by the U.S. Marshal, forthwith.  The U.S. Marshal shall publish notice of the sale pursuant to Local Admiralty Rule 7.01(g) and 7.05(q)(1)-(2).

4. A deposit of cash, certified check, or cashier's check in the amount of ten percent (10%) of the bid shall be made at the time of the sale and the payment of the remaining ninety (90%) percent shall be made within three (3) working days thereafter, pursuant to Local Admiralty Rule 7.05(r)(1).  If any objection to the sale is filed within the time permitted by Local Admiralty Rule 7.05(r)(7), the successful bidder is excused from paying the remaining purchase price until three (3) working days after the Court confirms the sale.  If the successful bidder fails to pay the remaining ninety (90%) percent within three (3) working days after the sale or within three (3) working days after the Court confirms the sale where an objection is filed, he or she shall be deemed in default. In the instance of a default, this Court may order that the sale be awarded to the second highest bidder or may order a new sale.  Any sum deposited by the bidder in default shall be forfeited and the amount shall be applied by the U.S. Marshal to any additional costs incurred because of the forfeiture and default, including costs incident to resale.  The balance of

    the deposit, if any, shall be retained in the Registry of the Court and subject to further Order of the Court.

5. At the conclusion of the sale, the U.S. Marshal shall file a written report of the sale to include the date of the sale, the price obtained, and the name and address of the buyer pursuant to Local Admiralty Rule 7.05(r)(5).

6. Unless an objection is timely filed in accordance with Local Admiralty Rule 7.05(r), or the purchaser is in default for failing to pay the balance of the purchase price, Plaintiff Bank of the West shall proceed to have the sale confirmed on the day following the last day for filing objections.[1]

7. In order to confirm the sale, Plaintiff Bank of the West shall file a "Request for Confirmation of Sale" on the day following the last day for filing an objection.  The "Request for Confirmation of Sale" shall substantially conform to Middle District Form 709 in the Appendix to the Local Admiralty Rules.  Plaintiff shall also prepare and offer for filing a "Confirmation of Sale" consistent with Middle District Form 710 in the Appendix to the Local Admiralty Rules.  Thereafter,

---

[1] An objection to the sale, if any, must be filed within three (3) working days following the sale.  The party or person filing an objection shall serve a copy of the objection upon the U.S. Marshal and all other parties to the action, and shall also file a Certificate of Service indicating the date and manner of service. Opposition to the objection must be filed within five (5) days after receipt of the objection.  Any person filing an objection must also comply with the deposit requirement described in Local Admiralty Rule 7.05(r)(7)(B).

    the Clerk shall file and docket the confirmation and shall promptly transmit a certified copy of the "Confirmation of Sale" to the U.S. Marshal's office. Unless ordered by the Court, if Plaintiff Bank of the West fails to file timely the "Request for Confirmation of Sale" and proposed "Confirmation of Sale," the U.S. Marshal shall assess any continuing costs or expenses for custody of the vessel or property against Plaintiff Bank of the West.

8. Plaintiff Bank of the West may become the bidder for the vessel Going Coastal and her engines, tackle, furniture, and apparel, and may enter its bid in amount up to the amount of its judgment without being required to make the deposits above set forth.

9. Upon receipt of the balance of the sums due from the successful bidder for said vessel and after confirmation of such sale as provided in Local Admiralty Rule 7.05(r)(6) and (7), the U.S. Marshal shall forthwith issue a Bill of Sale for the vessel Going Coastal and her engines, tackle, furniture, and apparel, and place the successful bidder in possession thereof.

    **DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 2nd day of November 2007.

                                                   VIRGINIA M. HERNANDEZ COVINGTON
                                                    UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record

U.S. Marshal